IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| VALERIANO ARELLANO-HERNANDEZ, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) )  Case No. 4:14-cv-01481-AKK-JEO |
| SCOTT HASSELL, et al., | ) ) ) |
| Respondents | ) |

## REPORT AND RECOMMENDATION

Valeriano Arellano-Hernandez has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). In his petition, Arellano-Hernandez seeks relief from an April 12, 2011 conviction in Nevada state court for attempted sexual assault and attempted lewdness with a child under age fourteen. (*Id.* at 2).

A district court may consider a habeas petition only if a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To satisfy the "in custody" requirement, "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989).

At the time he filed his habeas petition, Arellano-Hernandez, a citizen of Mexico, was in federal immigration detention at the Etowah County Detention Center in Gadsden, Alabama.[1] (Doc. 1 at 1; Doc. 1-1 at 7). Therefore, he was not "in custody" under the conviction he attacks

---

[1] According to the U.S. Immigration and Customs Enforcement Online Detainee Locator System, Arellano-Hernandez is currently detained at the Henderson Detention Center in Henderson, Nevada.

in his petition–his 2011 Nevada state court conviction.  The Court of Appeals for the Eleventh Circuit recently addressed a similar situation:

> Llovera–Linares contends that he is "in custody" because he is in federal immigration detention pending his removal from the United States.  However, Llovera–Linares immigration detention is not a direct consequence of his 2007 Florida state court convictions. Rather, Llovera–Linares's present immigration detention is a collateral consequence of his state court convictions. *See United States v. Campbell*, 778 F.2d 764, 767–68 (11th Cir. 1985) (stating that "deportation is a collateral consequence of a guilty plea"), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). Because "the *collateral consequences* of [a] conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas" petition, Llovera–Linares's present immigration detention does not satisfy the "in custody" requirement for federal habeas petitions. *See Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989) (emphasis added).

*Llovera-Linares v. Florida*, 559 F. App'x 949, 952 (11th Cir. 2014).  The Court of Appeals for the Ninth Circuit, which includes Nevada, has likewise held:

> INS deportation proceedings are a collateral consequence of state court convictions. *See Fruchtman v. Kenton*, 531 F.2d 946, 949 (9th Cir. 1976). Collateral consequences of a conviction are "not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492, 109 S.Ct. 1923.

*Pacheo-Medina v. Oregon*, 66 F. App'x 104, 105 (9th Cir. 2003).

The "in custody" requirement is jurisdictional. *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988).  Accordingly, because Arellano-Hernandez was not "in custody" for purposes of his attack on his Nevada state court conviction, this court lacks jurisdiction over his petition and his petition is due to be dismissed.  The undersigned magistrate judge recommends that the petition be DISMISSED WITHOUT PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2), Fed. R. Civ. P., any party may

file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk.  Any objections to the failure of the magistrate judge to address any contention raised also must be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Written objections shall specifically identify the portions of the recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

The clerk is **DIRECTED** to mail a copy of this order to Arellano-Hernandez at the following address:

> Valeriano Arellano-Hernandez
> A-Number 075186232
> Henderson Detention Center
> 18 East Basic Road
> Henderson, Nevada 89015

**DONE**, this the 8th day of April, 2015.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge